## STATE v. LEONARD.

1. No facts can be considered on appeal unless they appear in the record submitted to this court, or unless conceded by opposing counsel.
2. In a trial for murder, the Circuit Judge erred in instructing the jury that defendant "was guilty beyond a doubt, if he knew right from wrong and could think clearly and yet did the killing, although there was no motive for it that you can see," it not appearing in the "Case" that insanity was the only defence relied on.

Before ALDRICH, J., Laurens, September, 1889.

This was a prosecution against Ben Leonard for murder. The opinion states the whole case.

*Messrs. Ball & Watts,* for appellant.

*Mr. Schumpert,* solicitor, contra.

March 3, 1890.    The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.    The defendant, appellant, was convicted of murder at the September Court of General Sessions for Laurens County, 1889.    The "Case" prepared for, and submitted on, his appeal is exceedingly meagre, no general facts being stated, and nothing but the fact of his conviction and the short charge of the judge appearing therein.    And inasmuch as we are confined to the record, and can know nothing of the character of the case, except what appears in the "Case" or Brief upon which the appeal comes to us, we are fearful that in this case our conclusion will do injustice to the Circuit Judge.    If so, however, this is not our fault, as it is well established that we cannot go beyond the record, it having been frequently held and

announced by this court that the "Case" as prepared by the appellant and consented to by the respondent will govern us.

Looking, then, to the record here, it appears that on the trial of the defendant for murder, with no statement therein as to the character of the defence or any circumstances connected therewith, his honor charged the jury that the guilt or innocence of the defendant of the crime charged, depended entirely upon the question of the sanity of the accused, the whole charge being as follows: "*Gentlemen of the Jury:* There are very few remarks that I have to make to you. If you believe the prisoner at the bar was of unsound mind when he committed the act, why he is not guilty. If he knew right from wrong, and could think clearly and yet did the killing, although there was no motive for it that you could see, he is guilty beyond a doubt, if you believe he knew right from wrong. There is nothing else in the case but that. Give the record to the jury."

Now, doubtless this would have been a correct charge, if the only defence set up was insanity, as in such a case there would be no positive necessity for the jury to be instructed as to the different degrees of homicide, it being impliedly admitted by the only defence relied on, that the accused is guilty, if he fails to make good the single defence interposed. But nothing of this kind appears in the "Case." It is true, it was stated by the solicitor in his oral argument before us, that such was the character of the case below; but the respondent's attorneys were not present, and there was no admission from them that such was the fact. No doubt, this was true, and in all probability this was the basis of his honor's charge, but it not appearing in the record, we cannot take cognizance of it; no statement at the bar, either orally or in the printed argument of counsel, unless formally admitted by the opposing counsel, can be regarded by this court and allowed to supply facts which, if relied on, might and should have been incorporated in the "Case" in the first instance.

As a general proposition of law in murder cases, his honor's charge would be error, and as there is nothing in the record here which shows that the said charge was made in a case where the facts and character thereof demanded no other, we are compelled to grant a new trial, and to this end,

. It is the judgment of this court, that the judgment of the Circuit Court be reversed.